IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**LARRY L. EMERSON**,                               )
                                                   )
                    Petitioner,                    )
                                                   )
v.                                                 )          Civil No. **08-451-WDS-CJP**
                                                   )
**WARDEN HOLLINGSWORTH,**                          )
                                                   )
                    Respondent.                    )

## REPORT and RECOMMENDATION

**PROUD, Magistrate Judge:**

This Report and Recommendation is respectfully submitted to U.S. District Judge

William D. Stiehl pursuant to 28 U.S.C. §§636(b)(1)(B) and (C).

This matter is before the court on respondent's Motion to Strike Petition for Writ of

Habeas Corpus.  **(Doc. 14)**.  Petitioner filed a response and renewed motion for appointment of

counsel at **Doc. 16.**

Larry L. Emerson filed a petition for habeas relief under 28 U.S.C. §2241.  He was

convicted of fraud, money laundering, and conspiracy to commit money laundering in the

Central District of Illinois on March 4, 1996.  He is serving concurrent sentences of 60 months

for mail fraud and 192 months for the money laundering counts.

Emerson has already filed at least one unsuccessful habeas petition under 28 U.S.C.

§2255.  He states in the petition that he is "requesting relief pursuant to 28 U.S.C. §2241"

because he is "prohibited" from using §2255.  **See, Doc. 1, pp. 2-3.**  He notes in the petition that

he has "filed many actions requesting relief only to be denied."  **Doc. 1, p. 3**.

The basis for the motion to strike is that Emerson has been barred from filing further

habeas actions by order of the Seventh Circuit. On December 13, 2004, the Seventh Circuit Court of Appeals fined Emerson $500.00 due to "his prodigious litigation history" and barred Emerson from filing further habeas actions until he has paid all outstanding fees and sanctions. The Seventh Circuit's order was entered in appeal number 04-1523, in which Emerson was appealing from an order denying his "motion for new trial." The Seventh Circuit observed that Emerson had sought habeas relief in the district court several times, and had sought authorization to file a successive collateral attack on six occasions, which had resulted in the imposition of sanctions. The court found that the "motion for new trial" was really a "disguised successive collateral attack." The order of December 13, 2004, states, in relevant part:

> The district court should have dismissed the motion for lack of jurisdiction, and we VACATE its judgment and REMAND the case for a jurisdictional dismissal. Emerson's motion to proceed in forma pauperis on appeal is DENIED. Further, given Emerson's prodigious litigation history, he is fined $500 and, until he pays all outstanding fees and sanctions, clerks of all federal courts within this circuit must return unfiled any papers submitted by Emerson in any habeas corpus action unless the petition attacks a state court imposed criminal judgment. Because Emerson has received federal habeas corpus review of his current conviction, he is effectively barred from filing any civil action in the district courts until he settles his debts to the federal judicial system.

The order also provided that Emerson could seek modification or rescission of the order in two years. **See, Doc. 14, Ex. 1**.

The Seventh Circuit's docket in appeal number 04-1523 indicates that Emerson moved to rescind the order on December 22, 2006. That motion was denied. The Seventh Circuit reminded Emerson that "he was ordered to pay all outstanding fees and sanctions." **See, Doc. 14, Ex. 2.**

In his response to the Motion to Strike, Emerson requests rescission of the Seventh Circuit's order of December 13, 2004, and also requests that counsel be appointed to file "the

proper paperwork" to obtain rescission, and to "properly obtain vacation" of his convictions. **Doc. 16.**

Obviously, this court cannot rescind an order issued by the Seventh Circuit of Appeals. Any request for the appointment of counsel to move for rescission of the order should be directed to the Seventh Circuit. Further, as Emerson is now prohibited from seeking habeas relief in this court, there is no occasion for this court to appoint counsel for him.

<u>**Recommendation**</u>

This court recommends that respondent's Motion to Strike Petition for Writ of Habeas Corpus **(Doc. 14)** be **GRANTED**, and that Emerson's request for rescission of the Seventh Circuit's order of December 13, 2004, and for appointment of counsel **(Doc. 16)** be **DENIED**. The petition for habeas relief should be stricken, and Emerson's $5.00 filing fee should be refunded to him.

Objections to this Report and Recommendation must be filed on or before **April 20, 2009.**

**Submitted: April 2, 2009.**

<u>**s/ Clifford J. Proud**</u>
**CLIFFORD J. PROUD**
**UNITED STATES MAGISTRATE JUDGE**